[No. 4394.]

## THE BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY v. MAYR.

**Intoxicating Liquors—License—Authority of County Commission-
ers to Revoke.**

Boards of county commissioners have power to revoke licenses to sell intoxicating liquors whenever the board is satisfied that the licensee has abused the privilege of the license or violated the general law, and for the purpose of determining whether or not a license should be revoked the board may hear evidence and determine for itself whether or not the law has been violated. It is not necessary that the licensee should first have been tried and proven guilty of violating the law in a court of competent jurisdiction before his license can be revoked.

*Error to the County Court of Jefferson County.*

Mr. WM. A. DIER, for plaintiff in error.

Mr. E. KEELER, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

December 3, 1900, license was granted by the board of county commissioners of Jefferson county to George Mayr to keep a saloon for the period of twelve months from said date, at Edgewater, in said county. On May 4, 1901, Joseph Gilbert lodged his complaint with the clerk of the board, charging that said Mayr had violated the law of the state in that he had sold liquors on Sunday, about April 21, 1901, and praying the board to revoke the said license. A hearing upon said complaint was fixed for May 18, 1901, but, to enable Mayr to procure witnesses, the hearing was at his request postponed until May 24. On that day a hearing was conducted by the board. The complainant and the licensee appearing in person and by counsel. The board found that Mayr had kept his saloon open and had sold liquors thereat, on

Sunday the 21st of April, and on Sunday the 12th of May, 1901; and it was there ordered that the license to said Mayr be, and it was by said order, revoked, annulled and held for naught. Thereafter, said Mayr presented his petition for *certiorari* to the judge of the county court. The writ was issued and after the hearing, and on July 13, 1901, the court held that the action of the board of county commissioners in revoking the license was illegal and without warrant of law, for the reason that no evidence was produced that any court had found or determined the truthfulness of the charge that the said Mayr had violated the law of the state.

The board of county commissioners bring the case here by writ of error.

By the provisions of chapter 76, Mills' Annotated Statutes, the board of county commissioners is empowered to grant, reject, or revoke licenses to keep saloons. Section 2832, Mills' Annotated Statutes, is as follows: "The board of county commissioners shall have power, upon complaint being made to them, to revoke any license granted to keep a saloon or grocery, whenever they may be satisfied that privileges granted have been abused, or that the person to whom the license was granted has violated the law."

It is admitted by the defendant in error that the county court did not undertake to weigh or consider the evidence offered before the board; and he asserts that it was not a question of the sufficiency of the evidence before the board, but one of total absence of that indispensable evidence upon which the board was authorized to act, namely, the finding and determination of some court of competent jurisdiction that the licensee had violated the law. In support of his contention that the board does not possess the power to try and determine the question of the violation of the law by the licensee, he directs our attention to the

fact that no provision is made by statute for notice to the licensee, nor power given to compel the attendance of witnesses, nor any express authority to hear evidence or require it to be given under oath. And as additional reasons for his contention that the legislature did not intend to clothe the board of county commissioners with the power it exercised in this instance, he cites authorities holding that a license cannot be revoked without refunding the balance of the fee for the unexpired term, and that a license to sell intoxicating liquors is a property, and that such licenses are entitled to the protection of the law.

It was held by this court in the case of *The People v. Raims,* 20 Colo. 489, that the regulation of the liquor traffic is purely a legislative power, and that it is also clearly within the power of the legislature to delegate to municipal authorities the power to regulate, license, or prohibit the sale of liquors within their limits, and that the license is not a contract, and that "a license confers the right to do that which without the license would be unlawful;" and we hold now, that the legislature not only had the power to delegate to the county board the right to revoke licenses, but that by the statutes it did vest in the board of county commissioners the power to revoke licenses whenever the board became satisfied that the licensee had abused the privileges of the license or had violated the general law.

The county board, in this instance, appears to have acted fairly and conscientiously, and to have required the complainant to prove to the satisfaction of the members of the board that the complaint was true; and the board having declared in its record that it found as a matter of fact the licensee had violated the law of the state, we are of opinion that its action was entirely regular and that no other or additional

proof than that taken before the board was required. To hold that a license can not be revoked by the board except upon proof that the licensee has been proved guilty in a court of competent jurisdiction, of a violation of the law, would be, in effect, to declare the statute invalid, because such record could not be obtained until after the defendant in such a case had exhausted all the rights and privileges which the law has provided, and after he had been duly convicted. The legislature, knowing that the license would expire long before a record of conviction could be presented to the board of county commissioners, very wisely provided that it might be revoked whenever the board of county commissioners were satisfied that the state law had been violated by the licensee. We do not hold that a board of county commissioners may revoke a license granted by it arbitrarily and without proof but we do hold that the board is empowered to do exactly as it did in this case and that the county court erred in overruling the board because the defendant had not been convicted in a court of competent jurisdiction of a violation of the state law.

The judgment is reversed.

*Reversed.*