No. 19,338.

ALDEN CRONIN, ET AL., ETC. *v.* JACK L. WARD, ET AL.

(355 P. [2d] 655)

Decided October 3, 1960.

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, for plaintiff in error Alden Cronin.

Mr. John D. Saviers, Mr. Sheldon S. Emeson, Mr. Philip Dergance, for defendants in error.

*In Department.*

Opinion by Mr. Justice Knauss.

Alden F. Cronin filed application for a restaurant and liquor license with the Manager of Safety and Excise of the City and County of Denver. A three-day hearing was held and concluded on April 24, 1959. On June 5, 1959, the Manager approved the application and directed the issuance of the license. The evidence and the applicable law are reviewed in the written decision of the Manager, from which it appears that he gave due consideration to the statutory requirements, including "the reasonable requirements of the neighborhood and the desires of the inhabitants" of the area affected. C.R.S. '53, 75-2-9.

A petition of 1179 residents of the neighborhood in favor of granting the proposed license was submitted at the hearing. Twenty-two persons were sworn and testified in a general way endorsing the application. An opposing petition containing 910 names was filed and 32 opposing witnesses were sworn and examined. There was but one similar enterprise in the "neighborhood" which was deemed insufficient by many of the inhabitants and by the Manager.

The inquiry before the Manager covered a wide range, but there is no need to recite the evidence. The discretion of the licensing officer in granting or refusing a license is well established by the decisions of this Court.

On June 17, 1959, eleven of the residents of the neighborhood filed a complaint under Rule 106, R.C.P. Colo., specifying various claimed irregularities in the proceedings before the Manager, including the usual charge that in granting the license to Cronin the Manager acted in

an arbitrary and capricious manner and abused his discretion. Pursuant to citation the Manager filed his return setting forth the proceedings before him leading up to the granting of the license. Cronin intervened as a defendant in the proceedings below. Answers were filed and after trial on October 23, 1959, the court entered its findings and order enjoining the Manager from issuing the license.

Plaintiffs in error assert that the trial court erred in the following particulars:

1. In basing its decision on facts wholly outside the record of the proceedings before the Manager.

2. In substituting its discretion for that of the licensing authority.

Both matters may be considered together:

Among the findings of the trial court appears the following:

"The Court is unable to reconcile the Manager's actions and attitude in the 'White Dove' case with his actions and attitude in the instant case.

"Further, it seems to this Court, from a review of the evidence, that Mr. Cronin is merely a front for the Cunninghams, who had shortly before been denied a license in the 'White Dove' case but seemed to be vitally interested in the present application."

From this it appears that the trial court based its decision in part on the fact that some months previously the Manager had denied an application for a license at this same location.

White Dove Restaurant and Lounge, Inc., had applied for a hotel and restaurant liquor license for the premises where Cronin intends to operate. One James C. Cunningham was an officer and stockholder in this corporation. After a hearing in November 1959 the Manager denied the application. The White Dove company sought review under Rule 106 in the Denver District Court, which action was pending at the time of the hearing on Cronin's application. It was later dismissed. At the time

of the Cronin hearing White Dove had assigned the lease on the premises to him.

Cunningham was active in supporting the Cronin application, but testified that he was "interested" only as a friend of Cronin and as his vendor, and sought by interviews with persons in the neighborhood affected to promote the Cronin application and secure support thereof among the inhabitants.

During the process of making up the record below, the trial court ordered the transcript in the White Dove case to be included in the designation of record on error here as it "seems to the Court inextricably woven into the argument here." Accordingly the transcript in that case was included in the record here and is before us for whatever purpose it may serve.

The two applications although relating to the same premises were by different applicants at different times.

The Manager in his findings considered the prior application and concluded that there was sufficient distinction between the applicants and the evidence presented to warrant rejecting the one and granting the other.

The question before the Manager was the propriety of granting the Cronin application upon the evidence and showing before him, and the only question before the court was whether in doing so he had regularly pursued his authority or abused his discretion. That he had previously denied the application to another to operate an establishment at the same premises does not preclude the issuance of a license to an applicant who in his judgment and discretion is qualified therefor. In going beyond the record before it, and substituting its judgment for that of the Manager as to the propriety of granting the license involved, the court was in error.

In *Board of County Commissioners v. Buckley*, 121 Colo. 108, 213 P. (2d) 608, this court said:

" * * * The Defendant Board was not bound by any

196

prior action of any licensing authority with relation to the facts pertaining to the issuance of any license for former years, but was *called upon to exercise its own discretion as of the date of the new application.* Conceivably the licensing authority passing upon the new application, in the exercise of its discretion, might with propriety reject an application which a former board, upon the same facts, had approved, and in so doing the board would not, of necessity, be guilty of an abuse of discretion, or an arbitrary and capricious exercise thereof." (Emphasis supplied.)

■ Defendants in error contend that the proceedings under Rule 106, R.C.P., for review of the White Dove decision, being pending when the Manager heard the instant application, deprived him of jurisdiction. This contention is without merit. It has no bearing on the Cronin application. The action to review the Manager's decision denying a license to White Dove did not operate to stay his hand in receiving and acting upon the Cronin application.

The judgment is reversed and the cause remanded with directions to refer the case back to the Manager with instructions to issue the license in conformity with his findings of June 5, 1959.

Mr. Justice Hall and Mr. Justice Day concur.