No. 25808

**Lakewood Pawnbrokers, Inc., a Colorado Corporation v.
The City of Lakewood, Colorado, a Municipal Corporation**
(512 P.2d 1241)

Decided August 7, 1973.

Bowman, Shambaugh, Geissinger & Wright, Arthur S. Bowman, for plaintiff-appellee.

Raymond C. Johnson, City Attorney, Douglas S. Wamsley, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The City of Lakewood, a statutory city, on December 14, 1970, adopted an ordinance providing for the licensing and regulation of pawnbrokers. Lakewood Pawnbrokers, Inc., on February 25, 1971, filed a declaratory judgment action under Rule 57, Colorado Rules of Civil Procedure, challenging the constitutionality of certain provisions of the ordinance.

Paragraph 7 of the complaint alleges in part:

"That the ordinance complained of and the threatened enforcement thereof is unlawful and void for the following reasons:

"A. The ordinance is an unlawful attempt under the police powers of a municipality to regulate a matter of statewide concern in which the legislature has preempted the field by the passage of Chapter 139 Article 58 entitled Pawnbrokers C.R.S. 1963, as amended."

The trial court found that provisions of the ordinance relating to surety bonds and interest rates were in conflict with corresponding state statutory provisions and therefore were invalid. The court concluded that other provisions of the challenged ordinance were invalid for various reasons which are not material to this opinion. From the judgment declaring the ordinance invalid, which was entered on those findings, the City has appealed to this court.

We learned for the first time during the oral arguments of counsel that the attorney general had not been served with a copy of the proceedings, as required by paragraph (j) of Rule 57, which reads:

"(j) *Parties; Municipal Ordinances.* When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such munici-

pality shall be made a party, and is entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, *the attorney general of the state shall also be served with a copy of the proceeding and is entitled to be heard.*" (Emphasis added.)

The attorney general must be served with a copy of the proceeding and afforded the opportunity to be heard. *Meier v. Schooley,* 147 Colo. 244, 363 P.2d 653 (1961). It is, of course, within his discretion whether he elects to be heard. In order for a rehearing to be meaningful, the judgment entered by the trial court must be vacated.

We, therefore, vacate the judgment of May 10, 1972, entered by the trial court and remand the cause for further proceedings not inconsistent with the views herein expressed. In the event the attorney general elects not to be heard on a rehearing, the trial court may re-enter its prior judgment and certify that to this court.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY, and MR. JUSTICE GROVES do not participate.