**COMMISSIONERS COURT OF HARRIS COUNTY, Texas, Appellant,**

v.

**PEOPLES NATIONAL UTILITY COMPANY, Appellee.**

No. 1416.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 9, 1976.

Rehearing Denied June 30, 1976.

Joe Resweber, County Atty., Michael R. Davis, Asst. County Atty., Houston, for appellant.

John L. Hill, Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Austin, David M. Bragg, John S. Teutsch, Asst. Attys. Gen., amicus curiae.

William A. Olson, Olson & Olson, B. Jeff Bratton, Foster, Bratton, Golden & Kelley, Houston, for appellee.

CIRE, Justice.

This is an appeal from an order granting a temporary injunction. Appellee Peoples National Utility Company brought suit under the Declaratory Judgments Act, Tex. Rev.Civ.Stat.Ann. art. 2524–1, asking the district court to declare that Tex.Rev.Civ. Stat.Ann. art. 2372q–1 is constitutionally invalid or, in the alternative, that the statute is inapplicable to appellee. On the basis of its finding of a reasonable probability that the statute is unconstitutional the trial court granted appellee's request for a temporary injunction. The injunction prohibits appellant, the Commissioners Court of Harris County, from acting under the statute pending trial on the merits.

■ The State of Texas, which was not joined as a party in the trial court, has submitted a brief to this court as amicus curiae. The State has called our attention to a particular problem in this case involving the jurisdiction of the trial court to grant the temporary injunction. The State points out that the Declaratory Judgments Act, under which this case was brought, provides that "[i]n any proceeding . . . if the Statute . . . is alleged to be unconstitutional, the Attorney General of the State shall also be served with a copy of the proceeding and be entitled to be heard." Tex.Rev.Civ.Stat.Ann. art. 2524–1 § 11.

The Attorney General was not served with a copy of the pleadings, or otherwise

given notice of the pendency of this action. The State contends that the trial court was therefore deprived of jurisdiction to proceed.

The question of whether this section of the Declaratory Judgments Act is jurisdictional has apparently not been previously decided in Texas. It is appropriate, however, to look to the decisions in other jurisdictions which have adopted the Uniform Declaratory Judgments Act. Those states which have construed this section of the Act have held that "service of a copy of the proceedings upon the attorney general is not only mandatory, but goes to the jurisdiction of the court to hear the action in the first instance." *McCabe v. City of Milwaukee,* 53 Wis.2d 34, 191 N.W.2d 926, 927 (1971) and authorities cited therein; *Sullivan v. Murphy,* 279 Ala. 202, 183 So.2d 798 (1966); *Lakewood Pawnbrokers, Inc. v. City of Lakewood,* 182 Colo. 315, 512 P.2d 1241 (1973); *Plantation Pipe Line Co. v. City of Bremen,* 225 Ga. 607, 170 S.E.2d 398 (Ga. 1969). We hold that the requirement in section 11 of the Uniform Declaratory Judgments Act is mandatory, and that failure to notify the Attorney General of the pendency of an action under the Act in which the constitutional validity of a statute, ordinance or franchise is challenged deprives the trial court of jurisdiction to proceed.

We think the fact that this proceeding involved the granting of a temporary injunction, rather than a trial on the merits, does not change the jurisdictional nature of this requirement. The Act requires the Attorney General to be notified "[i]n *any proceeding"* under the Act in which a statute is alleged unconstitutional. The reasoning behind such a requirement is clear. The challenged statute was duly enacted by the state legislature: the State has a direct interest in the subject matter the the outcome of the case, regardless of whether the relief requested is interlocutory or permanent. *See Scott v. Graham,* 156 Tex. 97, 292 S.W.2d 324, 327 (1956).

The State's interest in this litigation is not altered by the fact that appellee has requested injunctive as well as declaratory relief. Appellee petitioned the court for a declaratory judgment and for injunctive relief based solely upon that declaration. The requested injunctive relief depends entirely upon the determination of the issues raised in the declaratory judgment action. Under these circumstances the jurisdictional requirements of the Declaratory Judgments Act may not be disregarded. *See American Federation of Labor v. Mann,* 188 S.W.2d 276, 280 (Tex.Civ.App.-Austin 1945, no writ).

There is no showing in the record that the Attorney General of Texas was served with notice of this law suit prior to the hearing on the temporary injunction. We hold, therefore, that the trial court was without jurisdiction to render its judgment. The judgment of the trial court is reversed, and the cause is remanded to the trial court with instructions that unless the Attorney General of Texas is notified of the pendency of this suit within a reasonable time, the cause is to be dismissed.

Reversed and remanded.