**COMMISSIONERS COURT OF HARRIS COUNTY, Texas, et al., Appellants,**

v.

**PEOPLES NATIONAL UTILITY COMPANY, Appellee.**

**No. 1508.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 22, 1976.

**48**

Joe Resweber, County Atty., Michael R. Davis, Asst. County Atty., Houston, David F. Bragg, Asst. Atty. Gen., State of Texas, Houston, for appellants.

William S. Olson, Sr., B. Jeff Bratton, Houston, for appellee.

COULSON, Justice.

This is an appeal by the Commissioners Court of Harris County, Texas, et al., from an order denying a temporary injunction against Peoples National Utility Company. Another facet of this case was previously before this court.[1] The Harris County Commissioners Court, et al., sought a temporary injunction restraining Peoples National Utility Company from discontinuing water service to any of its customers in the Greenwood Village Subdivision of Harris County, Texas, an unincorporated area, who had tendered payment to the Utility Company according to rates established by the Commissioners Court in Orders issued June 10 and June 24, 1976. The Orders were issued under authority of Tex.Rev.Civ.Stat. Ann. art. 2372q–1 (Supp. 1976–1977). Article 2372q–1 confers on the commissioners court of any county of this State having a population of more than 1,500,000 according to the preceding federal census, the authority to regulate the rates and charges of private water companies furnishing services to the public.

Section 17(e) of the Public Utility Regulatory Act, Tex.Rev.Civ.Stat.Ann. art. 1446c (Supp. 1976–1977), confers on the Texas Public Utility Commission exclusive original jurisdiction over electric, water, and sewer utility rates, operations, and services not within the incorporated limits of a municipality. Section 90 of the Act repeals all laws and parts of laws in conflict with such Act effective September 1, 1976. The Act does not contain a savings clause.

Article 2372q–1 was repealed on September 1, 1976, as it is in conflict with

1. An order granting a temporary injunction in favor of the Utility Company was reversed and remanded. *Commissioners Court of Harris* *County, Texas v. Peoples National Utility Company,* 538 S.W.2d 228 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.).

article 1446c. Exclusive original jurisdiction over utility rates has thus been removed from the county commissioners courts and vested in the Public Utility Commission of Texas by article 1446c, and article 2372q–1 is considered as though it never existed. *National Carloading, Corp. v. Phoenix-El Paso Express,* 142 Tex. 141, 176 S.W.2d 564, 570 (1943), *cert. denied,* 322 U.S. 747, 64 S.Ct. 1156, 88 L.Ed. 1578 (1944). The repeal of 2372q–1 deprives the district court and this court of jurisdiction of the subject matter of this controversy. *National Carloading, supra,* at 568. Our construction of article 1446c is consistent with the recent decision in *Southwestern Bell Tel. Co. v. City of Kountze,* 543 S.W.2d 871 (Tex.Civ.App.—Beaumont 1976, no writ).

■ "When a cause becomes moot on appeal, all previous orders and judgments should be set aside and the cause, not merely the appeal, dismissed." *Freeman v. Burrows,* 141 Tex. 318, 171 S.W.2d 863 (1943). Since the cause is now moot, all orders of the trial court are set aside and the cause dismissed. Costs are assessed one-half against Harris County and one-half against Peoples National Utility Company.

Cause dismissed.

