The CONTINENTAL LIQUOR COMPA-
NY, Plaintiff-Appellant,

v.

John B. KALBIN, as Director of Excise
and Licenses of the City and County
of Denver, Defendant-Appellee.

No. 79CA0396.

Colorado Court of Appeals,
Div. 2.

Dec. 13, 1977.

Rehearing Denied Jan. 10, 1980.

Certiorari Denied March 17, 1980.

Clarence W. Button, Eugene F. Costello, Denver, for plaintiff-appellant.

Max P. Zall, City Atty., Lee G. Rallis, Larry L. Bohning, Asst. City Attys., Denver, for defendant-appellee.

BERMAN, Judge.

Plaintiff, Continental Liquor Company, (Continental) appeals the trial court's affirmance of the suspension of its liquor license by the Denver Director of Excise and License (Director). We affirm.

The Director ordered Continental to show cause, pursuant to § 12–47–110, C.R.S. 1973 (1978 Repl. Vol. 8), why its retail liquor license should not be suspended or revoked for violation of Department of Revenue Regulation 47–105.1. That regulation provides:

"Each licensee shall conduct his establishment in a decent, orderly and respectable manner and shall not permit within or upon the licensed premises the loitering of habitual drunkards or intoxicated persons, lewd or indecent displays, profanity, rowdiness, undue noise, or other disturbance or activity *offensive to the senses of the average citizen or to the residents of the neighborhood in which the establishment is located.*" (Emphasis added)

On substantial evidence, the hearing officer found that Continental's president had hired a thirteen-year-old boy to carry out trash from the liquor store premises and that after completing his task, the youth went into Continental's backroom where the president then "fondled with the penis of [the youth] through his clothing."

The hearing officer concluded that the president had violated Regulation 47–105.1 by committing an act which was "offensive to the senses of the average citizen and more particularly to the senses of a thirteen-year-old youth," and recommended that Continental's license be suspended for thirty days. The Director adopted the findings and recommendations. The trial court affirmed the Director's ruling.

Continental challenges the constitutionality of Regulation 47–105.1, arguing that it is vague and overbroad, and contending that the regulation proscribes conduct by a standard that is dependent on conjecture and subject to the uncontrolled discretion of the Director. We disagree.

The Director maintains that the constitutionality of the Regulation was not timely or properly raised because Continental failed to join the Attorney General as required by § 13–51–115, C.R.S. 1973, and C.R.C.P. 57(j). Neither § 13–51–115 nor C.R.C.P. 57(j) apply to regulations promulgated pursuant to a legislative grant of authority. Therefore, in challenging a regulation, the Attorney General need not be joined. Thus, the Director's contention is without merit, and Continental did raise the constitutional issue in a timely and proper manner.

Continental attacks the entire Regulation as vague. However, since its license was suspended under the "offensive to the average citizen" portion of the Regulation, the "offensive to the senses of . . . the residents of the neighborhood" portion of the statute is not pertinent to the determination of this case. *Bethune v. Colorado Dealer Licensing Board*, Colo., 601 P.2d 1386 (1979).

In reviewing a constitutional challenge to a regulation, we are mindful that, where, as here, a regulation is promulgated pursuant to an express grant of legislative power, it is a "legislative regulation" and is, thus, subject to the same standards of due process as is a statute. *C. V. Enterprises, Inc. v. State*, Colo.App., 593 P.2d 984 (1979).

To survive a vagueness attack, the Regulation must be sufficiently clear so that men of common intelligence will have fair warning as to what conduct is prohibited, and the Regulation must provide standards explicit enough to prevent arbitrary and capricious application, and to allow for a "meaningful judicial review." *LDS, Inc. v. Healy*, Colo., 589 P.2d 490 (1979).

The Regulation in question proscribes conduct which is "offensive to the

average citizen" and this necessarily includes all conduct that violates a criminal statute. The conduct which was here found to have occurred would constitute a violation of the Colorado Criminal Code, § 18–3–405, C.R.S. 1973 (1978 Repl. Vol. 8).

 The United States Supreme Court has stated, in applying the vagueness doctrine to a criminal statute, that:

> "[O]ne who has received fair warning of the criminality of his own conduct from the statute in question is [not] entitled to attack it because the language would not give similar fair warning with respect to other conduct which might be within its broad and literal ambit. One to whose conduct a statute clearly applies may not successfully challenge it for vagueness."

*Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). Hence, because the Regulation clearly applies to the conduct at issue and because Continental's president reasonably should have known that his conduct came within the scope of the Regulation, Continental cannot attack the language of the Regulation as being unconstitutionally vague. *Parker, supra; Mr. Lucky's Inc. v. Dolan*, Colo., 591 P.2d 1021 (1979).

 Continental next contends that the trial court erred in affirming the Director's decision that its president's acts were "offensive to the senses of the average citizen" because there were no findings of fact as to what such senses were. In light of our conclusion above, this argument is without merit. Inasmuch as Continental's president's acts would constitute a violation of the criminal code, and since such a violation is presumptively offensive to the senses of the average citizen, the hearing officer did not have to make findings as to what such senses were.

Arguing that the trial court failed to review the record as a whole, Continental cites this omission as a violation of the State Administrative Procedure Act, § 24–4–101 et seq., C.R.S. 1973 (A.P.A.), and as reversible error. However, Continental's premise, that the A.P.A. applies to liquor license suspension proceedings, is incorrect.

 The provisions of the A.P.A. governing license suspension proceedings do not apply to liquor license suspension proceedings, *Chroma Corp. v. Adams County*, 36 Colo.App. 345, 543 P.2d 83 (1975), and we must affirm the agency's findings and conclusions if there is "*any evidence* in the record that supports its conclusion." *Canjar v. Huerta*, 193 Colo. 388, 566 P.2d 1071 (1977) (emphasis supplied). Here, there was evidence in the record to support the Director's findings that the president committed the alleged acts, and since such acts would constitute a violation of the criminal code, the evidence supports the Director's conclusion that the president's acts were "offensive to the average citizen."

We find appellant's other contentions of error to be without merit.

Judgment affirmed.

PIERCE and RULAND, JJ., concur.