The CHROMA CORPORATION, d/b/a
Aloha Beach Lounge,
Plaintiff–Appellant,

v.

John G. CAMPBELL, James M. Covey and Peter M. Mirelez, Individually and as the Board of County Commissioners of the County of Adams, Defendants–Appellees.

No. 79CA0686.

Colorado Court of Appeals,
Div. I.

June 12, 1980.
Rehearing Denied July 10, 1980.

Law Office of Bernard D. Morley, Bernard D. Morley, Denver, for plaintiff–appellant.

S. Morris Lubow, County Atty., John E. Bush, Jr., Asst. County Atty., Brighton, for defendants–appellees.

SMITH, Judge.

Plaintiff appeals the judgment affirming the revocation of its liquor license by the Adams County Board of Commissioners, asserting that the regulation which formed the basis of the revocation was unconstitutional and that plaintiff was denied due process of law. We affirm.

Plaintiff was charged with having violated a regulation promulgated pursuant to the Colorado Liquor Code, 1 Code, Colo.Reg. 47–105.1. That regulation provides:

"Each licensee shall conduct his establishment in a decent, orderly and a respectable manner, and shall not permit within or upon the licensed premises the loitering of habitual drunkards or intoxicated persons, lewd or indecent displays, profanity, rowdiness, undue noise, or other disturbance or activity offensive to the senses of the average citizen, or to the residences of the neighborhood in which the establishment is located."[1]

On December 20, 1977, the Board held a hearing concerning events at plaintiff's lounge. Subsequently, on ·December 27, 1977, at one of its regularly scheduled meetings, the Board passed a resolution revoking the liquor license of plaintiff. Plaintiff sought review in the district court pursuant to C.R.C.P. 106. That court remanded the cause on November 30, 1978, to the Board with directions that it establish guidelines with respect to aggravating or mitigating factors which would be applicable to suspension or revocation of plaintiff's liquor license.

After establishing these guidelines, the Board passed a resolution on December 18, 1978, in which it ratified and adopted its previous findings of December 27, 1977, and by which it again revoked plaintiff's liquor license. The case was returned to the district court, and on January 10, 1979, the court again remanded the matter to the Board with directions that it permit plaintiff to present additional evidence concerning how its conduct related to the guidelines which had been established pursuant to the court's original remand. On March 12, 1979, after a hearing at which the Board took additional evidence as directed by the court in its order of January 10, 1979, the court again reviewed the record, and affirmed the decision of the Board revoking plaintiff's liquor license.

I.

Plaintiff asserts that the failure of the County Commissioners to conduct their proceedings pursuant to the Administrative Procedure Act, § 24–4–101 et seq., C.R.S. 1973, denied plaintiff equal protection of the laws. We disagree.

The provisions of the Administrative Procedure Act do not apply to liquor license suspension proceedings. *Continental Liquor Co. v. Kalbin*, Colo.App., 608 P.2d 353

---

1. Subsequent to the commencement of this action, the regulation was amended. Reference to the regulation in this opinion is to the unamended version.

(1979). Rather, § 12–47–110, C.R.S. 1973 (1978 Repl.Vol. 5) applies to revocation proceedings, whether initiated by the state or by the local licensing authority.

Plaintiff's assertion of denial of equal protection was based upon the assumption that the A.P.A. applies to procedures brought by the State, but that § 12–47–110, C.R.S. 1973 (1978 Repl.Vol. 5) applies to proceedings brought by the county. Because, however, the procedure specified in the statute applies to both proceedings, we conclude that there was no denial of equal protection.

## II.

■ Plaintiff asserts that it was error for the Board to gather the evidence to prove a violation of the liquor code, and then to sit in a quasi–judicial capacity to determine whether plaintiff had in fact committed a violation. Assuming without deciding that this might be improper, the record does not establish that it occurred; indeed, the facts are quite to the contrary.

The record reveals that it was the Adams County Sheriff's Department and not the Board that gathered information regarding possible violations of the Colorado liquor laws. The resolution adopted by the Board setting a hearing to determine whether the liquor license of plaintiff should be suspended recited that the Board had received from the Adams County Sheriff's Department a summary of complaints which it concluded were sufficient to demonstrate that there was probable cause to believe that plaintiff had violated the Colorado liquor law. Accordingly, we find plaintiff's assertion to be without merit.

## III.

Plaintiff next asserts that the regulation, 1 Code Colo.Reg. 47–105.1, is unconstitutionally vague under the First and Fourteenth Amendments to the United States Constitution and is thus invalid. We disagree.

■ The trial court declined to address this issue in light of its determination that it did not have jurisdiction to determine constitutionality of the regulation because of plaintiff's failure to join the state as a party. In *Continental Liquor Co., supra*, a case involving a constitutional challenge to the same regulation, this court held that the state did not have to be joined in order for the court to rule on the constitutional issues.

■ The trial court's failure to rule on this issue, however, does not preclude our making such a ruling as the question is purely one of law.

Although the county has asserted that *Continental Liquor Co., supra*, is dispositive on these issues, we decline to rely on it as authority. *Continental* dealt with a different portion of the regulation and involved facts quite different from those presented here. In the instant case the portion of the regulation found to have been violated is that requiring that a licensee not permit "lewd or indecent displays."

■ Vagueness or overbreadth challenges arising under the due process clause of the Fourteenth Amendment will be sustained only where the challenging party could not have known, from the wording of the regulation or statute, that its conduct was proscribed. *Mr. Lucky's Inc. v. Dolan*, 197 Colo. 195, 591 P.2d 1021 (1979). Here, the conduct of Chroma Corporation is so clearly within the ambit of the type of conduct sought to be prohibited that it cannot be heard to assert that it was misled by the wording of the regulation. *People v. Weeks*, 197 Colo. 175, 591 P.2d 91 (1979). Only if its conduct had fallen near or on the fringes of the definition of *lewd* and *indecent* would we have been required to consider a challenge premised on vagueness or overbreadth. Nor can plaintiff assert that the regulation as a whole is unconstitutionally vague and overbroad, in the First Amendment context, as "chilling," by its existence, freedom of expression. Chroma Corporation must first demonstrate that the regulation is unconstitutional as to it, *People v. Weeks, supra*, since its conduct falls so patently within the specific prohibi-

tion of the regulation. *See Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973).

We therefore reject the constitutional arguments advanced by Chroma Corporation.

IV.

Plaintiff next contends that revocation of the liquor license, even if it had violated the code, was an excessively harsh penalty and therefore should be set aside. We disagree.

The specific sanction to be imposed here as a result of a violation of the regulation is left to the sound discretion of the board of county commissioners. Section 12–47–110, C.R.S. 1973 (1978 Repl.Vol. 5); *Board of County Commissioners v. Mayr*, 31 Colo. 173, 74 P. 458 (1903).

In the case at bar, the evidence revealed that the president of plaintiff made a point of instructing his customers about an intriguing way of placing dollar bills in the "crotch area" inside the panties of plaintiff's female employees. He then demonstrated this procedure to his patrons. Afterwards, female employees circulated among the customers who were holding up dollar bills, stopping at each long enough for the customers to "try their hand" at the same feat. Other testimony revealed that in order to further entertain the customers, female employees of plaintiff danced nude, and, as part of their terpsichorean endeavors, contrived to place their legs over the shoulders of male customers in such a manner that the vaginal area of the dancer could, and perhaps did, contact the face of the patron.

We agree with the commissioners' conclusion that these practices were conceived and executed by the licensee for the purpose of promoting sexual conduct and sexual acts between employees and customers, and the county commissioners so found. Violations which are intentional and flagrant should, in our opinion, merit more serious sanctions. We therefore conclude that the commissioners did not abuse their discretion and under the evidence presented revocation was not unwarranted.

We have considered the other assertions of error raised by plaintiff, and we have concluded either that the underlying factual assumptions upon which these assertions were made are not supported by the record, or that the assertions themselves lack legal merit.

Judgment affirmed.

COYTE and KELLY, JJ., concur.