NO. 07-02-0057-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 26, 2003

_____


RAND McPHERSON AND GEORGETTE McPHERSON, APPELLANT

V.

CITY OF LAKE RANSOM CANYON, APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-506,390; HONORABLE SAM MEDINA, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**[2]

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2]Tex. R. App. P. 47.4.

Rand McPherson and Georgette McPherson challenge a summary judgment granting City of Lake Ransom Canyon declaratory relief which judgment, among other things, orders the McPhersons to remove a caboose and a concrete pad from their property in Lake Ransom. By three issues, the McPhersons contend the trial court erred in granting summary judgment because (1) genuine issues of fact existed regarding the claimed violations of municipal ordinances on placement of a railroad caboose on their property; (2) the placement of the caboose on their property did not violate a deed restriction; and (3) the ordinances which Lake Ransom claims were violated are unconstitutionally broad and vague, and the statutory requirements for an enforceable ordinance have not been met. Based upon the rationale expressed herein, we reverse the judgment and remand the cause to the trial court with instructions.

The controversy centers on the enforceability of two city ordinances as they may apply to a concrete pad and caboose placed thereon located on the McPherson's property. Following placement of the caboose on the property and controversy between the McPhersons and Lake Ransom regarding noncompliance with city ordinances, the McPhersons commenced the underlying litigation. By the petition for declaratory judgment and for damages, the McPhersons sought a declaration that the caboose and concrete pad did not violate ordinance numbers 46 and 51.[3] In response, Lake Ransom filed its answer

---

[3]The original petition did not present a constitutional challenge to ordinance 46 or 51.

and cross-petition for declaratory judgment followed by a motion for summary judgment. The McPhersons then filed a first amended petition seeking, among other relief, a declaratory judgment that ordinances 46 and 51 were unconstitutionally vague and broad. Also, by response to Lake Ransom's motion for summary judgment, the McPhersons contended that material fact questions existed concerning the constitutionality of the ordinances citing Article I, Section 19 of the Texas Constitution. Although not raised by the briefs of either party, during submission of the case by oral argument counsel for the McPhersons suggested that a jurisdictional question was presented because the Office of the Attorney General had not been served as required by section 37.006(b) of the Uniform Declaratory Judgments Act. Tex. Civ. Prac. & Rem. Code Ann. § 37.002 (Vernon 1997).

This Court is obligated to determine, *sua sponte*, its jurisdiction in each case. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.--Amarillo 1994, writ denied). Section 37.006 entitled Parties provides:

> (a) When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding.

> (b) In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party and is entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state must also be served with a copy of the proceeding and is entitled to be heard.

3

Although subsection (b) does not require that the Attorney General be joined as a *party* to a proceeding, when a party seeks a declaratory judgment that an ordinance is unconstitutional, *see* City of Garland v. Louton, 691 S.W.2d 603, 605 (Tex. 1985), under the Declaratory Judgments Act the failure to comply with the Act is a jurisdictional requirement which may not be disregarded. (Emphasis added). Commissioners Court of Harris County v. Peoples National Utility Company, 538 S.W.2d 228, 229 (Tex.Civ.App.--Houston [14th Dist.] 1976, writ ref'd n.r.e.). Even though subsection (b) states that the Attorney General must "be served with a copy of the proceeding and is entitled to be heard," for purposes of jurisdiction, substantial compliance is sufficient. *See* Wichita County v. Robinson, 155 Tex. 1, 276 S.W.2d 509, 511-12 (1954).

Our review of the clerk's record does not indicate that the Attorney General was served as required by section 37.006(b). Moreover, by post-submission briefs requested by this Court, counsel do not suggest or cite us to any portion of the record to demonstrate substantial compliance with section 37.006(b). Thus, we conclude the trial court was without jurisdiction and as was done in *Peoples National Utility*, 538 S.W.2d at 229, we reverse the judgment of the trial court and remand the cause with instructions that unless the Attorney General of Texas is notified of the pendency of this suit within a reasonable time, the trial court shall dismiss the cause.

Don H. Reavis
Justice

4