Charlie CASE et al., Relators,

v.

Honorable Dee Brown WALKER,
Judge, Respondent.

No. B–7966.

Supreme Court of Texas.

Nov. 8, 1978.

Rehearing Denied Dec. 13, 1978.

Kammerman, Yeakel & Overstreet, Adrian M. Overstreet, Jr., Austin, for relators.

R. C. Slagle, Roger D. Sanders, Sherman, Elvin E. Tackett, Bedford, for respondent.

DENTON, Justice.

In this original mandamus proceeding we are requested to set aside a district court order restraining property owners in Grayson County from prosecuting an injunction suit to prohibit the certification of the Grayson County tax rolls. The controlling issue is whether a district court, on the basis of an agreed judgment, can exercise continuing jurisdiction over all matters relating to reappraisal and revaluation of taxable property in a county.

The factual background of this proceeding includes two separate lawsuits. In the first suit, James R. Newman, a real property owner in Grayson County, sued the Grayson County tax officials in the 15th District Court of Grayson County. Newman alleged that real property in the county is taxed at a lower percentage of its market value than personal property, and requested a complete, fair and uniform reassessment of the values of all taxable property in the county. Because of a possible conflict of interest as a county taxpayer, Judge R. C. Vaughan recused himself and Judge Dee Brown Walker of Dallas County was assigned to hear the case.

On November 12, 1972, Judge Walker, respondent here, rendered an agreed judgment stating that "the parties . . . have settled and compromised all matters at issue between them growing out of said suit . . . and an agreed judgment should be entered. . . ." The judgment provided that Newman would pay delinquent taxes on his property, that the Tax Assessor-Collector of Grayson County would employ personnel necessary to effect a revaluation and reappraisal of all taxable property in Grayson County, and that the Commissioners Court of Grayson County would budget the funds necessary to pay the personnel. Judge Walker then decreed that the court would "retain continuing jurisdiction of this cause and of all matters of controversy herein for whatever period of time is necessary to effectuate the necessary revaluation and appraisal of all taxable property in Grayson County."

In the second suit, Charlie Case, et al., a group of property owners in Grayson County [hereinafter referred to as the Case plaintiffs], sued the Grayson County tax officials in the 59th District Court of Grayson County on October 5, 1978. The Case plaintiffs alleged that they would have to pay more than their fair share of the ad valorem tax burden of Grayson County because of the failure of the tax officials to list all personal property subject to taxation on the tax rolls. They requested emergency injunctive relief. Because of a possible conflict of interest as a county taxpayer, Judge Ralph Elliott recused himself and Judge W. C. Boyd of Denton County was assigned to hear the case. On October 5, 1978, Judge Boyd of the 59th District Court issued a temporary restraining order prohibiting the Grayson County tax officials from certifying the tax roll until a temporary injunction hearing could be held.

On October 9, 1978, Judge Dee Brown Walker, on the strength of his assignment to the 15th District Court, issued a temporary restraining order prohibiting the Case plaintiffs from "further pursuing or prosecuting in any manner" their cause in the 59th District Court. The order was based in part on a motion filed by Newman in the 15th District Court entitled "Second Motion to Declare Status of Relief Previously Granted and for Ancillary Relief" and in part on Judge Walker's own motion. The temporary restraining order states that the prosecution of the Case cause will "substantially and materially destroy the remedy previously allowed the Plaintiff [Newman] and will . . . directly and substantially interfere with and disrupt this Court's exercise of its continuing jurisdiction in this

cause [the Newman cause]." The order concluded by setting a hearing for the temporary injunction on October 16, 1978.

The Case plaintiffs then petitioned this court for a writ of mandamus to direct Judge Walker to set aside his temporary restraining order. Judges Walker and Boyd cancelled the temporary injunction hearings and renewed the temporary restraining orders. On October 18, 1978, the attorneys for all the parties signed an agreement and waiver in both the Newman case and the Case cause. The agreement states that the temporary restraining orders of each court are to stay in effect until this mandamus proceeding is ruled upon. The Grayson County tax officials have intervened on behalf of the respondent Judge Walker.

■ The agreed judgment rendered by Judge Walker on November 12, 1972, simply provides that Newman would pay his delinquent taxes and that county officials would budget the funds and employ the personnel necessary to effect a revaluation and reappraisal of taxable property in the county. The judgment correctly states that all matters at issue between Newman and the Grayson County officials were settled and compromised. We therefore conclude that the judgment became final thirty days after its rendition.[1] See, e. g., Ferguson v. Ferguson, 161 Tex. 184, 338 S.W.2d 945 (1960); Hargrove v. Insurance Investment Corp., 142 Tex. 111, 176 S.W.2d 744 (1944).

■ We hold that a district court, on the basis of an agreed and final judgment that settled a controversy between one county taxpayer and county tax officials, cannot exercise continuing jurisdiction over all matters relating to reappraisal and revaluation of taxable property in a county. The temporary restraining order prohibiting the Case plaintiffs from prosecuting their suit is therefore void. To conclude otherwise would, in effect, permit a district judge to resolve a controversy between one taxpayer

and the county tax officials and simultaneously retain unlimited jurisdiction over all county taxpayers, despite the failure to notify them and afford them an opportunity to be heard in a lawsuit that affects their rights as ad valorem taxpayers.

After oral argument had been heard in this mandamus proceeding, Judge Walker filed a motion to dismiss. An "Order Releasing Parties" was attached to the motion. Judge Walker issued this order in the Newman case in the 15th District Court. The order releases all parties, including Newman and the Case plaintiffs, from the previous orders of the court and specifically dismisses the temporary restraining order against the Case plaintiffs. The order also declares that the tax plan and tax rolls of Grayson County are approved and found to be in accordance with law, and that an October 5, 1978, certification of the tax rolls of Grayson County is approved and found to be valid.

■ Judge Walker's approval of the tax rolls and tax roll certification not only conflicts with the 59th District Court's previously entered restraining order prohibiting the certification of the tax rolls, but also has no jurisdictional predicate under the conclusions and holding in this proceeding. As we interpret the agreed judgment, and events occurring subsequent to that judgment, Judge Walker's jurisdiction to hear tax controversies in Grayson County ended thirty days after rendition of the November 12, 1972, judgment. Any orders issued after that date, including that part of the October 26, 1978, order approving the tax rolls and tax roll certification, are void. Because Judge Walker has dismissed the temporary restraining order against the Case plaintiffs, it is not necessary for this Court to issue a writ of mandamus.

---

1. Rule 329b(5) states: "Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial." Tex.Rules Civ.Proc. 329b(5). Newman did not file a motion for new trial. The November 12, 1972, judgment therefore became final thirty days after rendition.