COMMERCE INDEPENDENT SCHOOL DISTRICT et al., Appellants,

v.

Charles HAMPTON, Appellee.

No. 5214.

Court of Civil Appeals of Texas, Eastland.

Jan. 18, 1979.

Rehearing Denied Feb. 15, 1979.

Second Rehearing Denied March 29, 1979.

J. Harris Morgan, Greenville, Jack L. Hart, Dallas, for appellants.

Jerry D. Johnson, Lyne, Klein, French & Womble, Carl A. Generes, Elliott, Meer, Vetter, Denton & Bates, Dallas, for appellee.

Donald A. Parks, City Atty., Greenville, Robert M. Collie, Jr., City Atty., Daniel Doherty and Jay D. Howell, Jr., Asst. City Attys., John W. Coolidge, Huntsville Ind. School Dist., Houston, Latham Boone, III, Navasota, Howard W. Perdue, Sweetwater Ind. School Dist., Arlington, filed briefs amicus curiae.

DICKENSON, Justice.

Charles Hampton sued Commerce Independent School District, City of Commerce, Commerce Water District, their tax collector and their tax collection lawyers. Hampton owns the post office building in Commerce, Texas, and he sought relief from the "Authorized Collection Expense" which defendants added to the 1974 ad valorem taxes on that property. Hampton's lawsuit, as shown by his pleadings and his brief, challenges the "Authorized Collection Expense" ordinances of the taxing authorities as not being authorized by the Texas Constitution and as involving a scheme of tax collection which is in direct contravention of the applicable statutory provisions. The tax authorities filed a counterclaim against Hampton for penalty, interest and "Authorized Collection Expense" alleged to be due in connection with his 1974 ad valorem taxes and for an order for foreclosure of tax liens and for sale of the post office property.

After a nonjury trial, the district court entered judgment declaring the "Authorized Collection Expense" ordinances of the tax authorities to be illegal and void. The Attorney General of Texas was not served with a copy of the proceedings and was not given an opportunity to be heard. We will reverse the judgment, and the cause will be remanded.

City of Commerce is chartered under Article 11, Section 5, of the Texas Constitution which provides that " . . . *no* charter or any *ordinance* passed under said charter *shall contain any provision inconsistent with* the Constitution of the State, or of *the general laws enacted by the Legislature of this State . . .*" (emphasis added) Hampton sought declaratory relief under the Uniform Declaratory Judgments Act, Article 2524–1, Tex.Rev.Civ.Stat.Ann. (1965).

Section 11 of that Act provides in part that:

> In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the Statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the State shall also be served with a copy of the proceeding and be entitled to be heard.

We hold that the failure to notify the Attorney General of the pendency of this lawsuit, and to give that official an opportunity to be heard, deprived the trial court of jurisdiction to decide the challenge to the constitutional validity of the ordinances. *Commissioners Court of Harris County v. Peoples National Utility Company*, 538 S.W.2d 228 (Tex.Civ.App—Houston (14th Dist.) 1976, writ ref'd n. r. e.); *Burke v. Hutcheson*, 537 S.W.2d 312 (Tex.Civ.App.— Eastland 1976, writ ref'd n. r. e.). In view of this holding, we do not reach the points of error and cross-points asserted in the briefs.

The judgment of the trial court is reversed, and the cause is remanded to the trial court with instructions that unless the Attorney General of Texas is served with copies of the pleadings within a reasonable time, the cause is to be dismissed.

ON MOTION FOR REHEARING

Hampton asserts in his motion for rehearing that his " . . . position in this case, both in the Trial Court and in this Court, has been, and is, that the Collection Ordinance is in direct contravention of the applicable Texas statutes. . . . " Hamp-

ton contends that the constitutionality of the Collection Ordinance was never at issue, but we hold that if the ordinance is inconsistent with the general laws of this State, it would violate the constitutional prohibition contained in Article 11, Section 5, of the Texas Constitution. Therefore, Hampton's claim that the ordinance is in contravention of the statutes constitutes an allegation that the ordinance is unconstitutional, and the Attorney General must be served under Section 11 of the Declaratory Judgments Act, Article 2524–1, Tex.Rev. Civ.Stat.Ann. (1965).

The motion for rehearing is overruled.