**LUMBERTON MUNICIPAL UTILITY DISTRICT et al., Appellants,**

v.

**Bill CEASE et al., Appellees.**

**No. 8440.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 19, 1980.

---

7. The 1971 amendment to *Tex.Election Code Ann. art. 2.06 (Supp.1980)* is not applicable to the case at bar.

Hubert Oxford, III, Beaumont, for appellants.

Ernest L. Sample, Beaumont, for appellees.

KEITH, Justice.

This is an appeal by the defendants from an order granting a temporary injunction restraining them from "levying any tax, or attempting to collect any tax, or to fix any tax rate, pending further orders of this Court."

Defendants are Lumberton Municipal Utility District[1] and the individual members of its Board of Directors, and we will speak of the defendants collectively as "district." Plaintiffs are resident taxpaying citizens of the district. The temporary injunction was granted after a lengthy hearing wherein many witnesses testified and many documents were offered in evidence.

Before entering into a discussion of the contentions of the parties, it is well to put into proper perspective the rule governing appellate review of orders granting temporary injunctions as articulated in the recent cases of *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978), and *Brooks v. Expo Chemical Company, Inc.*, 576 S.W.2d 369, 370 (Tex.1979):

> "[S]uch review is strictly limited to a determination of whether there has been a clear abuse of discretion by the trial court in determining whether the appli-

---

1. District was created by Acts 1973, 63rd Leg., p. 854, ch. 388. As noted hereinafter, the Act creating the district made reference to Chapter 54, Title 4, Water Code. Thus, *Tex. Water Code Ann. §§ 54.001, et seq. (1972 and Supp.1980)*, are to be considered on this appeal.

cant is entitled to a preservation of the status quo pending trial on the merits . . . ."

In *Transport Co. of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549, 553–554 (1953), Justice Calvert used this language:

"The 'status quo' to be preserved by temporary injunction is 'the last, actual, peaceable, noncontested status which preceded the pending controversy.' "

■ Thus, although district has presented its appeal on thirty-five points of error, many of such contentions will not be mentioned in our disposition of the appeal. The time to address the serious questions of constitutionality of the Act creating the district and the construction of statutes governing the operation of the district must await a full and complete record following a trial on the merits. See and compare *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417, 421–422 (1959).[2]

Following an election confirming the district, the electors authorized the issuance of water and sewer bonds at an election held on April 27, 1974. Water distribution system bonds supported by ad valorem taxes were authorized and issued in the sum of $625,000; sewer system bonds supported by ad valorem taxes were authorized and issued in the sum of $375,000. Additionally, bonds supported solely by revenues generated by the two systems were issued: water bonds, $2,175,000; sewer bonds, $2,455,000. The district also received grant funds from federal agencies in excess of six million dollars, none of which it was required to repay.

All of the bond and grant funds had been spent by September, 1979, and the district had met with much resistance from the residents who refused to utilize the water and sewer systems. Thus, it became apparent to the directors, in late August or early September, 1979, that district could not meet its tax bond requirements maturing

on January 1, 1980. It was then, for the first time, that district began proceedings to levy and collect ad valorem taxes upon real property in the district. It had no tax roll, no personnel to assess or collect the proposed taxes, nor had it adopted a budget for the operation of the district.

When district published its notice of intention to levy taxes on the property in the district, many resident citizens appeared and protested; and, after such meeting, this suit was instituted, a temporary restraining order prevented the levy of taxes, and such restraining order was continued in effect as a temporary injunction.

■ Plaintiffs attacked the constitutionality of the statute creating the district and sought a declaration under the Uniform Declaratory Judgments Act [*Tex.Rev.Civ. Stat.Ann. art. 2524–1, § 11 (1965)*] that the statute was unconstitutional. The Attorney General was not made a party to the suit and no notice of the filing of the suit had been served upon him. The leading authority relied upon by district is *Commissioners Court of Harris County v. Peoples National Utility Company,* 538 S.W.2d 228 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.), which was followed in *Commerce Independent School District v. Hampton,* 577 S.W.2d 740 (Tex.Civ.App.—Eastland 1979, no writ).

We are not persuaded that *Peoples National* is controlling in this litigation, even though both cases involve appeals from orders granting temporary injunctions. In *Peoples National,* the court noted: "On the basis of its finding of a reasonable probability that the statute is unconstitutional the trial court granted appellee's request for a temporary injunction."

In our case, the trial court specifically found in the order granting the injunction that the restraint was not based upon any constitutional ground, stating, "such ques-

2. The record reflects that the trial court had rearranged its docket so as to afford the parties a trial on the merits two weeks after the entry of the temporary injunction order. Rather than going to trial, district has chosen to appeal.

**604**

tions are reserved for later decision." [3] It is apparent from a study of the lengthy record that the temporary injunction was based upon adequate grounds other than the constitutional validity of the Act creating the district. The failure to give notice to the Attorney General did not deprive the trial court of jurisdiction to grant relief on other legal grounds. In *Clear Lake City Water Authority v. Clear Lake Utilities Company,* 549 S.W.2d 385, 389 (Tex.1977), the Court rejected the contention that non-compliance with *§ 11 of Art. 2524–1* "uniformly constitutes a *jurisdictional* defect." (emphasis in original)

Had the trial court based its order upon the constitutional question, *Peoples National* would have controlled the decision; should the trial court proceed upon the merits without notification of the Attorney General, its judgment would be subject to the rule enunciated in *Hampton,* supra. Point one is overruled.

We turn now to a consideration of other bases for the granting of the temporary injunction. The trial court, in finding No. 14, held:

"That taxpayers have not been provided with any place to render property for taxation, or any tax office for the District, and none of the provisions of Sections 54.604, 54.605, 54.610, 54.614, 54.615, 54.616, 54.619, 54.620, 54.622, 54.623, 54.-624, 54.625, 54.626, or 54.627 [of the Water Code] have been followed, and the District has no tax roll, and no tax collector assessor, and has never appointed an equalization board, and no notices have been sent out to taxpayers in regard to placing property on the tax rolls or board of equalization hearings."

Elsewhere in the decree, the trial court found as a fact that District had not complied with the provisions of *Tex.Rev.Civ. Stat.Ann. art. 7244c (Supp.1980),* the statute relating to increases in the effective tax rates by taxing units, nor had it complied with the notice provisions of the Open Meeting Law, *Tex.Rev.Civ.Stat.Ann. art. 6252–17 (Supp.1980).*

Moreover, upon uncontroverted evidence, the trial court concluded that the district had not entered into a binding agreement whereby the tax collector of Hardin County would collect the tax levied by district upon property located within the district; and, although negotiations had been had with Lumberton Independent School District in 1977 whereby the school district would collect taxes on property situated in defendant district, no agreement was ever "finalized" and the assessor-collector of the school district had performed no functions for district.

It was likewise established that no notice had been given to the County assessor-collector of any increase in rates on or before July 20, 1979, as required in *Tex.Rev.Civ. Stat.Ann. art. 7044a (Supp.1980).*

We readily agree with district that it could avail itself of the provisions of *Tex. Water Code Ann. § 54.637* by utilizing the services of the assessor and collector of taxes of another political subdivision. There is no evidence that the board had ever adopted any such order as required in subdivision (a) of the cited statute or had it agreed upon the compensation for the services so to be performed, as required in subdivision (c). Yet, the board was busily engaged in levying taxes at the very time it was served with the temporary restraining order.

Plaintiffs invoked the equitable powers of the district court to prevent the levy of the tax, thereby casting a cloud upon the title to their respective properties. As the trial court found, such attempted levy was illegal; consequently, the trial court's jurisdiction to prevent the illegal levy was properly exercised. See generally *City of Fort Worth v. Southland Greyhound Lines, Inc.,* 123 Tex. 13, 67 S.W.2d 361 (1933); *City of Dallas v. Wright,* 120 Tex. 190, 36 S.W.2d

---

**3.** Finding of Fact No. 26, incorporated into the judgment, reads: "In consideration of the findings made herein, and the ruling made, the Court is of the opinion that it is not necessary at this time to rule on any substantial Constitutional question concerning the creation of the District by reason of Section 8 of the Act, and such questions are reserved for later decision."

973, 978, 77 A.L.R. 709 (1931); *City of Houston v. Union City Transfer*, 307 S.W.2d 645, 649 (Tex.Civ.App.—Houston 1957, no writ); *Jayton Independent School Dist. v. Rule-Jayton Cotton Oil Co.*, 259 S.W. 631, 633 (Tex.Civ.App.—Amarillo 1924, no writ).

But, district contends that plaintiffs did not prove injury or harm as required by some of the cases on the subject. See, e. g., *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414, 417 (1954); and *State v. Whittenburg*, 153 Tex. 205, 265 S.W.2d 569, 573 (1954).

The trial court found that the attempted levy of the taxes upon plaintiffs' properties was void. Under this holding, the argument advanced by district is without merit. *Fayetteville Independent School Dist. v. Crowley*, 528 S.W.2d 344, 348 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.).

In view of a trial upon the merits, it is not necessary that we discuss each of the factual assaults by the district upon the findings of the trial court. It is sufficient to state that we have found one or more of such findings to be supported by competent evidence. The temporary injunction was properly granted restraining the district and its board of directors from levying any taxes upon the property of the plaintiffs *under the record which we have reviewed.*

■ However, the portion of the order enjoining the district from levying, or attempting to levy, any tax, or to fix any tax rate, "pending further orders of this Court" is too broad. *Case v. Walker*, 573 S.W.2d 513 (Tex.1978). The words "pending further orders of this Court" are now stricken from the order granting the temporary injunction.

When the district issued its tax bonds, as noted earlier, it included language therein reciting that taxes, unlimited as to rate and amount "have been levied and ordered to be levied against all taxable property" in the district sufficient to fund the payment of the interest on and the principal of such tax bonds. If the basic facts are substantially the same at the trial on the merits, any permanent injunctive relief should be with-

out prejudice to the right of the district to again assess the property of the plaintiffs and to collect such taxes as may be due thereon under the law. We modify the temporary injunction decree to confine the restraint of the imposition of any taxes upon plaintiffs' properties to the facts shown in the record presented to and considered by us. *Nelson v. Blanco Independent School Dist.*, 390 S.W.2d 361, 367 (Tex. Civ.App.—Austin 1965, writ ref'd n. r. e.).

The temporary injunction decree is modified to provide that the restraint is without prejudice to the authority of the district to levy and collect taxes for the year 1979 when such is done in accordance with law.

The judgment is modified and, as modified, is affirmed.