

# The Attorney General of Texas

March 9, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Felipe Reyna
Criminal District Attorney
McLennan County Courthouse
Waco, Texas 76703

Opinion No. JM-4

Re: Whether water board of city of Robinson is required to comply with article 6252-17, V.T.C.S.

Dear Mr. Reyna:

You have asked us to determine if the board of trustees for the city of Robinson waterworks is (1) a governmental body as defined in article 6252-17, section 1(c), V.T.C.S.; (2) required to conduct meetings which are open to the public as provided by article 6252-17, section 2(a), V.T.C.S.; and (3) required to post a written notice of each meeting as provided in article 6252-17, section 3A, V.T.C.S.

Article 6252-17 prohibits governmental bodies from holding meetings which are closed to the public, unless authorized by an exception. Section 1(c) defines "governmental body" as:

> any board, commission, department, committee, or agency within the executive or legislative department of the state, which is under the direction of one or more elected or appointed members; and every Commissioners Court and city council in the state, and <u>every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city</u>; and the board of trustees of every school district, and every county board of school trustees and county board of education; and the governing board of every special district heretofore or hereafter created by law. (Emphasis added).

Articles 1111 through 1118, V.T.C.S., establish the authority for cities and towns to encumber any city owned utility. Article 1111 empowers cities and towns, <u>inter alia</u>, to mortgage and encumber water systems. Article 1115 permits control of the encumbered system to be placed in a board of trustees named in the encumbrance. Article 1115 states:

> The management and control of any such system
> or systems during the time they are encumbered,
> may by the terms of such encumbrance, be placed in
> the hands of the city council of such town, or may
> be placed in the hands of a board of trustees to
> be named in such encumbrance, consisting of not
> more than five members, one of whom shall be the
> mayor of such city or town. The compensation of
> such trustees shall be fixed by such contract, but
> shall never exceed five per cent of the gross
> receipts of such systems in any one year. The
> terms of office of such board of trustees, their
> powers and duties, the manner of exercising same,
> the election of their successors, and all matters
> pertaining to their organization and duties may be
> specified in such contract of encumbrance. In all
> matters where such contract is silent, the laws
> and rules governing the council of such city or
> town shall govern said board of trustees so far as
> applicable. (Emphasis added).

The Robinson city council created the board of trustees in an ordinance which tracked the language of article 1115. The powers and duties of the board created by the ordinance include the power to fix all rates and to adopt and enforce all rules and regulations the board deems necessary or proper. This is also consistent with the statutory placement of "management and control" of the system with a board of trustees.

Article 1115 allows a municipality to delegate its power to manage and control a city owned utility to a board of trustees to act as the city's agent while the utility is encumbered. Texas courts have concluded that an article 1115 board of trustees is an agent of the city. Tuttle v. Guadalupe-Blanco River Authority, 174 S.W.2d 589 (Tex. 1943) affirming 171 S.W.2d 520 (Tex. Civ. App. - San Antonio 1943); see also Guadalupe-Blanco River Authority v. City of San Antonio, 200 S.W.2d 989 (Tex. 1947) (accepting without comment prior Texas Supreme Court decision that Board of Trustees had no standing to sue); Mireles v. Deer Run Properties, Inc., 616 S.W.2d 342, 343 (Tex. Civ. App. - San Antonio 1981, no writ); Crownhill Homes, Inc. v. City of San Antonio, 433 S.W.2d 448 (Tex. Civ. App. - Corpus Christi 1968, writ ref'd n.r.e.) (Action of board of trustees of waterworks in regulating extension of water mains was exercise of legislative or governmental power, not proprietary).

Based on these Texas cases, it is our opinion that the board of trustees is an agency of the city authorized by statute and ordinance to manage and control the waterworks system of the city of Robinson and that the board has been delegated legislative and governmental

powers for that purpose. Thus, the board of trustees is a "department, agency, or political subdivision of the city" which has rule making authority and is a governmental body as defined in article 6252-17, section 1(c). Meetings of the board of trustees must comply with article 6252-17, and written notice of each meeting must be given as required in article 6252-17, section 3A. See Lower Colorado River Authority v. City of San Marcos, 523 S.W.2d 641 (Tex. 1975); Lake County Estates v. Toman, 624 S.W.2d 677 (Tex. Civ. App. - Fort Worth 1981, writ ref'd n.r.e.); Lumberton Municipal Utility District v. Cease, 596 S.W.2d 601 (Tex. Civ. App. - Beaumont 1980, no writ).

## S U M M A R Y

The board of trustees for the city of Robinson waterworks is a governmental body as defined in article 6252-17, section 1(c). Meetings of the board of trustees must be open to the public as provided by article 6252-17, section 2(a), and written notice of each meeting must be given as required in article 6252-17, section 3A.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Patricia Hinojosa
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger