**CORPUS CHRISTI TAXPAYER'S ASSOCIATION, J.E. O'Brien and Tom Hunt, Appellants,**

v.

**The CITY OF CORPUS CHRISTI, Appellee.**

No. 13–86–023–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Rehearing Denied Sept. 30, 1986.

Herbert L. Hawkins, Corpus Christi, for appellants.

Carol Estes Bray, City Attorney's Office, Corpus Christi, for appellee.

Before BENAVIDES, UTTER and DORSEY, JJ.

OPINION

BENAVIDES, Justice.

This is an appeal from a summary judgment. We affirm.[1]

Appellants sued the City of Corpus Christi (the City) and the State of Texas for injunctive and declaratory relief, contesting the validity of the data used and the method by which the City calculated the effective tax rate for 1984, as required by TEX. TAX CODE ANN. Ch. 26 (Vernon 1982). Appellants also asserted that Tax Code Chapter 26 is unconstitutional, alleging the statute is so vague as to be unenforceable

1. Appellee's motion to dismiss for mootness, carried with this case, is overruled.

because it fails to specify the method of calculation to be used by a taxing entity.

The trial court granted summary judgment for the City, and ordered that appellants take nothing. Appellants bring four points of error.

In its motion for summary judgment, the City asserted a right to summary judgment on the basis that: (1) the City complied with the Texas Tax Code § 26.04 requirements since the City did not exceed the calculated effective tax rate for the tax year 1984, but in fact imposed a tax rate lower than the calculated effective tax rate; and (2) no genuine issue of material fact exists, since all facts necessary to determine this case are contained in the summary judgment evidence, and the City is entitled to summary judgment as a matter of law because it did not exceed the calculated effective rate so as to trigger the tax code notice and hearing provisions.

As outlined in the State Property Tax Board's report, *Statement,* March 1985, Vol. 7, No. 9, a taxing unit's effective tax rate, calculated each year under the truth-in-taxation requirements of § 26.04, establishes a benchmark for tax increases. The taxing unit must comply with the notice and hearing requirements of Tex.Const. Art. 8 § 21, as well as Tax Code § 26.04.

The tax rate and the calculations used to obtain the rate are published along with the City's unencumbered fund balances prior to the City's adoption of an actual tax rate. If the proposed tax rate exceeds the effective tax rate by more than three percent (3%), the City must publish a newspaper notice and hold a public hearing on the proposed increase. TEX. TAX CODE ANN. §§ 26.05, 26.06 (Vernon 1982). If the City's adopted tax rate exceeds the effective rate by more than eight percent (8%), voters may petition for an election to reduce or limit the rate to 8% above the effective rate. TEX. TAX CODE ANN. § 26.07 (Vernon 1982).

The total tax rate is composed of two parts: (1) the debt portion also called bonded indebtedness, or interest and sinking fund (I & S) rate, which generates the tax revenue needed to pay principal and interest on certain debts in the coming year, and (2) the maintenance and operation (M & O) rate, which generates the remaining taxes needed for current operations.

In calculating the effective rate, the previous year's rates are used to project the proper debt rate for the coming year. The I & S and M & O figures are dealt with separately, then added together at the end to determine the total effective tax rate. After the effective tax rate has been calculated, three items of information must be published so as to apprise the property owners of:

(1) the effective tax rate, calculated according to § 26.04;

(2) the calculations used to determine the effective tax rate; and

(3) the estimated amount of I & S fund balance and estimated amount of M & O fund balance remaining at the end of the current fiscal year.

No particularized form or specifications, in providing such appraisement by publication or advertisement of the effective rate and its calculations, are found in the Tax Code. Also, the Tax Code does not state whether the governing body must actually adopt the projected debt rate.

In a summary judgment proceeding, the burden of proof is on the movant to establish his right to a summary judgment on the issues expressly presented to the trial court by proving all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Floyd v. Willacy County Hospital Dist.,* 706 S.W.2d 731, 734 (Tex.App.—Corpus Christi 1986, no writ).

By their first point of error, appellants claim that appellee failed to establish its entitlement to a summary judgment as a matter of law because it failed to prove that its calculations of the effective tax rate were correct. Appellants assert that the City was required to prove that the *data* used in its calculations was correct,

but only presented proof as to the *method* of calculation.

Appellee's summary judgment evidence consisted of: (1) the affidavit of Juan Garza, the City Director of Finance; (2) the City's "Notice of Calculation of Effective Tax Rate and Publication of Estimated Unencumbered Fund Balances" and "Calculations Used to Determine Effective Tax Rate" for the tax years 1982 through 1984, calculated on forms supplied by the State Property Tax Board; (3) City Ordinances for tax years 1982–1984 implementing the actual tax rates; and (4) depositions of J. Robert Massengale, Assistant City Manager of Financial Services for Lubbock; Stuart D. Summers, Director of the Budget and Research Department for San Antonio; and Richard Petree, Chief Appraiser and Tax Assessor-Collector for the Taylor County Appraisal District.

In his affidavit, Garza stated that for the tax year 1984, the City calculated and published an effective tax rate of $0.57065 per $100.00 valuation, but that the City actually adopted a tax rate of $0.565 per $100.00 valuation, therefore not violating the truth-in-taxation requirements of the Property Tax Code. Garza also stated that Exhibit 1, attached to his affidavit, is a true and correct copy of the 1984 calculation of the Effective Tax Rate for the City, as published on July 30, 1984.

Proof of the City's tax records raises a presumption that there was a valid levy and assessment of appellants' tax liability, made by a legally constituted taxing authority, and that all conditions precedent to the levy and assessment were performed. *Houston Lighting & Power Co. v. Dickinson*, 641 S.W.2d 302, 306 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The City must substantially comply with the requisite procedures exacted by statute in order to arrive at a valid tax levy. *Id.* Failure to comply with statutory directives in assessing taxes voids the assessment. *Lumberton Municipal Utility District v.*

*Cease*, 596 S.W.2d 601, 604–05 (Tex.Civ. App.—Beaumont 1980, no writ); *Federal Land Bank of Houston v. State*, 314 S.W.2d 621, 630 (Tex.Civ.App.—Amarillo 1958), *rev'd on other grounds*, 329 S.W.2d 847 (1959).

In *Birdwell v. City of Boyd*, 233 S.W.2d 603, 605 (Tex.Civ.App.—Fort Worth 1950, no writ), the court held that a tax levy and assessment by the city council was binding although the proceedings did not strictly adhere to the letter of the law. The court determined:

> Viewing this record as a whole, we have concluded that the levy ... shown to have been done and performed, although not strictly following the letter of the law, [was] not void, ... but [was] well within the spirit of the law and constitute(s) substantial compliance with the law.

*Id.* at 607.

The substance of appellants' argument centers on the data used in calculating Item 11 (Eleven) of the Effective Tax Rate (ETR), labeled "Tax levy needed to satisfy debt service (I & S)." Appellants assert that the City deliberately overestimated and misrepresented the tax levy needed to satisfy the debt service.

The estimated figure for item 11 is $14,935,000.00. This figure, used to determine the I & S rate, creates an Effective I & S Rate of $0.24637 per $100 valuation.[2] The Effective I & S Rate ($0.24637) plus the Effective M & O Rate ($0.32428) creates an effective tax rate of 0.57065. The actual tax rate adopted by the City for 1984, is composed of: M & O (0.4056) + I & S (0.1594) = actual Tax Rate (0.5650), which is less than the overall effective tax rate of 0.57065. Appellants argue, however, that because the City used an actual I & S figure of 0.1594, creating a line 11 figure of $9,238,480.00, that the 1984 Effective Tax Rate should have been $0.48368 per $100 valuation [M & O (0.32428) + I & S (0.15940) = ETR (0.483680)]. This ETR

---

2. Effective I & S Tax Rate is determined as follows: 1984 I & S levy (item 11 figure) divided by the 1984 total taxable value ($14,935,000.00 ÷ $6,061,994.935) = Effective I & S rate for 1984 (0.24637/$100).

would result in the adopted tax rate exceeding the correct ETR by more than the percentage allowed by the Tax Code, thus violating the law.

The Effective Tax Rate forms the groundwork for adoption of the City's actual tax rate. *See* Texas Property Tax Board. *Compliance Package/'84.* The total amount that is needed or could be used to satisfy debt service will not necessarily equal the amount upon which the actual tax rate is levied (i.e., the $14,935,000.00 figure versus the actual $9,238,480.00 figure). Likewise, the estimated tax rate will not necessarily equal the actual adopted tax rate. On the contrary, appellants' argument is based on hindsight; because the actual rate of taxation is based on the estimated effective tax amounts, it would be virtually impossible for the estimated effective tax rate to equal the actual rate. The Tax Code only requires that the actual rate does not exceed the effective rate by more than three percent. Appellants mix the rates, and add the actual I & S rate (0.15940) with the estimated effective M & O rate (0.48368); such method of calculation is not required by either the Tax Code, or the Tax Board Compliance Package for 1984, which provides the directions and forms used to calculate an effective tax rate in accordance with the Tax Code and Texas Constitutional requirements. Moreover, the *actual* I & S and M & O figures are not known until the effective tax rate has been calculated. Only by hindsight is one able to rearrange the rates so as to come up with such a lower ETR figure.

■ Appellants overlook the fact that the Property Tax Code assesses the total ETR figure, and not the individual I & S and M & O rates which make up the total rate. The City may not "adopt a [total] tax rate that exceeds the tax rate calculated as provided by Section 26.04 of this code by more than three percent." TEX. TAX CODE ANN. § 26.05(c). The summary judgment evidence indicates that five other cities in Texas (Austin, Abilene, Fort Worth, Lubbock, San Antonio) calculate the

ETR and pass their tax levy ordinances in the same manner as Corpus Christi. In addition, we find nothing in the record which adequately refutes the presumption of the validity of the City's 1984 tax levy. On the contrary, each of the taxing authority representatives deposed stated that, according to the figures given, the City would not be required to publish a notice and hold a hearing regarding the 1984 adopted tax rate. Finally, appellants offered no controverting proof at the summary judgment hearing to show that the debt figures presented by appellee do not accurately represent the actual bonded indebtedness. We find that the City has complied with the Tax Code provisions in calculating the effective and adopted tax rates. Appellants' first point of error is overruled.

By their second, third, and fourth points of error, appellants claim that the summary judgment was rendered erroneously because it left unresolved issues regarding the validity, legality and constitutionality of City Ordinance 18449,[3] and additional issues left unresolved by the trial court's judgment.

■ We note, that insofar as appellants attack the constitutionality of the City Ordinance and § 26.04 of the Tax Code, appellants did not make any response to appellee's motion for summary judgment, but rely solely on their bare and conclusory statements contained in their pleadings. The determination by this Court of appellants' first point of error disposes of the alleged invalidity of the City Ordinance. The constitutionality of a statute is a question of law. It is presumed that the legislature has not acted unreasonably or arbitrarily and the burden is on the one who challenges an act to establish its unconstitutionality. *Spring Branch I.S.D. v. Stramos,* 695 S.W.2d 556 (Tex.1985); *Helns v. Texas Alcoholic Beverage Commission,* 700 S.W.2d 607 (Tex.App.—Corpus Christi 1985, no writ). No argument or authority has been properly presented on appeal as to the purported illegality of the Tax Code.

**3.** City Ordinance No. 18449 implemented the City's adopted tax levy for 1984.

Appellants' constitutional issues, therefore, are not properly before this Court. Appellants' second, third and fourth points of error are overruled.

The judgment of the trial court is AFFIRMED.