**Opinion issued August 27, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00320-CV

———————————

**OLGA DE LA CERDA-CABRERA, INDEPENDENT EXECUTRIX OF THE ESTATE OF ROSIE A. ZUNIGA, DECEASED, Appellant**

**V.**

**CHASE MANHATTAN BANK USA, N.A.; HULL & ASSOCIATES, P.C. A/K/A JAMES N. HULL & ASSOCIATES, P.C.; JAMES N. HULL; AND PALISADES COLLECTION, LLC, Appellees**

---

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2009-65455**

---

## MEMORANDUM OPINION

This is an appeal from the trial court's grant of a plea to the jurisdiction filed

by appellees Chase Manhattan Bank USA, N.A., Hull & Associates, P.C. a/k/a

James N. Hull & Associates, P.C., James N. Hull, and Palisades Collection, LLC. In three issues, appellant Olga de la Cerda-Cabrera, Independent Executrix of the Estate of Rosie A. Zuniga, Deceased[1] contends: (1) dismissal of Zuniga's suit for lack of jurisdiction was error, (2) this Court should declare Texas' post-judgment garnishment statute[2] unconstitutional, and (3) if the case is remanded to the trial court, this Court should hold that appellees are precluded from seeking attorney's fees.

We affirm the trial court's judgment.

## Background

In 2001, Providian National Bank sued Zuniga in a Harris County justice court,[3] to collect on an outstanding credit card balance. Zuniga's Original Answer admitted that she owed the debt and suggested a plan for paying off the balance. In September 2001, the court signed an agreed judgment between Zuniga and PNB by which PNB was to receive $2,103.88, plus interest and attorney's fees from

---

[1] Rosie A. Zuniga died during the pendency of this appeal. For ease of reference, we will refer to appellant as "Zuniga" unless expressly noted.

[2] Although Zuniga's petition did not specify (by code name or section) which statute she contended was unconstitutional, Zuniga clarified on appeal that she is challenging sections 63.001–.008 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §§ 63.001–.008 (West 2008).

[3] Cause No. CV12C0015449, Justice Court, Precinct 1, Position 2, Harris County, Texas.

Zuniga. PNB thereafter assigned this judgment to Chase, which subsequently assigned it to Palisades.

After six years,[4] a writ of garnishment was issued at Chase's request against Zuniga's bank, Bank of Texas. Bank of Texas was served and timely answered, admitting that Zuniga had on deposit at least $2,247.23. Zuniga was never served with citation in the garnishment action. Instead, Chase's attorney, Hull, sent Zuniga by regular and certified mail, return receipt requested, a copy of the application for writ of garnishment, affidavits in support of the application, and a letter informing her that she had the right to regain possession of the property by filing a replevy bond or a motion to dissolve the writ with the court. A copy of the writ of garnishment, however, was not included in the materials provided to Zuniga. The green card that Zuniga signed indicates that she received the materials on October 20, 2007. On November 19, 2007, the justice court signed an agreed judgment ("Garnishment Judgment") between Chase and Bank of Texas that awarded the captured funds to Chase, as PNB's assignee. Zuniga neither answered nor contested the garnishment action despite actual notice of the proceeding.

---

[4] September 28, 2007.

3

## Present Litigation

On October 9, 2009, nearly two years after the agreed Garnishment Judgment was signed, Zuniga filed suit against appellees in Harris County district court seeking to recover the garnished funds that she claimed included wrongfully seized supplemental security income (SSI). Her original petition alleged that appellees' garnishment amounted to conversion, and violated state and federal debt collection statutes (Texas Deceptive Trade Practices Act,[5] Debt Collection Practices Act,[6] and the federal Fair Debt Collection Practices Act[7]). Zuniga also sought to permanently enjoin appellees from filing suit anywhere in Texas to collect on any debts "that misrepresent the status of the debt."[8]

The appellees moved for summary judgment based on their affirmative defenses of res judicata, collateral estoppel, and the compulsory counterclaim rule. Zuniga's claims, they argued, were premised on the ground that some or all of the garnished amounts were SSI funds exempt from garnishment, and Zuniga could, and should have, raised that argument in the underlying 2007 garnishment action. Zuniga responded that the Garnishment Judgment was void because it violated

---

[5] TEX. BUS. & COM. CODE ANN. §§ 17.001–.926 (West 2011 & Supp. 2012).

[6] TEX. FIN. CODE ANN. § 392.304(a)(8) (West 2006) (prohibiting misrepresentations of character, extent, and amount of consumer debt).

[7] 15 U.S.C. § 1692e(2)(a) (West 2009) (prohibiting misrepresentations of character, amount, or legal status of any debt).

[8] Zuniga also sought to enjoin Palisades and Chase "from using Hull & Associates."

4

federal law and because she was never served with process in the garnishment action. Zuniga also attached an affidavit in support of her response in which she denied having any "recollection of ever being served with citation."

Zuniga amended her petition to include claims pursuant to Texas' Declaratory Judgment Act[9] and 42 U.S.C. § 1983,[10] arguing that appellees' garnishment action deprived her of due process in violation of section 1983, and seeking "a declaratory judgment that the Texas post-judgment garnishment statute, as implemented, violates the due process clause of the Fourteenth Amendment and the Supremacy Clause."

Appellees replied to Zuniga's response and, upon grant to supplement their summary judgment motion, addressed Zuniga's new claims arguing that Zuniga's response and affidavit were misleading because Zuniga, who had actual notice of the garnishment proceeding, contacted Chase's attorney on several occasions regarding the proceedings and even retained an attorney to protect her interests in the garnishment action. Appellees also attached a copy of the materials provided to Zuniga that notified her of the proceedings, the green card she signed on October 20, 2007 indicating that she received the materials, and an affidavit from Hull attesting to the facts that Zuniga contacted his office twice in October 2007 to

---

[9]     TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.009 (West 2008).

[10]    42 U.S.C. § 1983 (2003) (providing private cause of action for violations of federal constitutional rights).

5

inquire about the garnishment proceeding, and that an attorney representing Zuniga contacted the office twice in early November 2007 to discuss the garnishment proceeding.

On October 28, 2010, the trial court denied appellees' motion for summary judgment.

Appellees thereafter filed a plea to the jurisdiction arguing that the trial court was without jurisdiction over Zuniga's suit because, by her own admissions in response to appellees' summary judgment motion, the suit was an impermissible collateral attack on the Garnishment Judgment. Appellees' plea included, inter alia, their motion for summary judgment and attached exhibits, Zuniga's response, and their reply and supplemental summary judgment motion with exhibits. Zuniga's response asserted the same arguments previously raised in her response to appellees' summary judgment motion, and argued further that because the Garnishment Judgment was void, it was a legal nullity and thus subject to collateral attack and that the trial court had jurisdiction over all of Zuniga's claims.

The trial court granted the plea to the jurisdiction and this appeal followed.

## Plea to the Jurisdiction

Zuniga contends that the trial court erred in dismissing her suit for lack of jurisdiction because the Garnishment Judgment was void, and therefore, subject to collateral attack at any time.

**Standard of Review**

The purpose of a plea to the jurisdiction is to dismiss a cause of action without regard to whether the claim has merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A plea to the jurisdiction is reviewed under a de novo standard. *Houston Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007). When a party relies on facts outside of a plaintiff's petition, the appellate court reviews both the petition and the evidence attached to the plea to the jurisdiction. *See Bland*, 34 S.W.3d at 555. A plea to the jurisdiction is the proper procedural tool to challenge a suit brought in one court when another court has exclusive jurisdiction. *Jansen v. Fitzpatrick*, 14 S.W.3d 426, 430–31 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *see also Wilbourne v. HFE Dev. Corp.*, No. 03–08–00430–CV, 2009 WL 4757451, at *7 (Tex. App.—Austin Dec. 9, 2009, no pet.) (mem. op.) (holding that plea to jurisdiction was improperly denied because declaratory judgment action was improper collateral attack); *but see Dolenz v. Vail*, 200 S.W.3d 338, 341 (Tex. App.—Dallas 2006, no pet.) (stating collateral attack on prior judgment may affect merits of party's claim, but it is not jurisdictional issue); *Herrera v. Household Fin. Corp. III*, No. 04–08–00134–CV, 2009 WL 1154704, at *4 (Tex. App.—San Antonio Apr. 29, 2009, no pet.) (mem. op.) (same). The only court with jurisdiction to hear a garnishment action is the

court that issued the original judgment. *King & King v. Porter*, 252 S.W. 1022, 1022 (Tex. 1923).

**Garnishment Judgment is Not Void**

Zuniga contends that the Garnishment Judgment is void because it (1) violates a federal statute exempting SSI funds from garnishment and (2) she was never properly served with process in the garnishment action. She also argues for the first time on appeal that the court that rendered the judgment did not have subject-matter jurisdiction over all of the captured funds.

"A collateral attack seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) (citing *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005)). Only a void judgment may be collaterally attacked. *Prostok*, 165 S.W.3d at 346. "A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990). When attacked collaterally, a judgment is presumed valid. *Rivera*, 379 S.W.3d at 273 (citing *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994)). That presumption disappears, however, when the record establishes a jurisdictional defect. *Id.* Generally, if a court acts contrary to a rule, statute, or even a

8

constitutional provision, the judgment is not void, but "voidable" or "erroneous." *Mapco*, 795 S.W.2d at 703. A judgment is "void," and thus subject to collateral attack, if there was a complete lack of service in violation of due process. *Rivera*, 379 S.W.3d at 274–75. Technical defects with regard to service of process, however, do not implicate due process and a judgment rendered under such circumstances is merely voidable, not void. *Id.*

Here, Zuniga argues that the Garnishment Judgment is void because appellees failed to strictly comply with the relevant statutory notice provisions. Zuniga does not, however, deny that she had actual notice of the 2007 garnishment proceeding. As the Supreme Court held in *Rivera*, technical defects in service that do not deprive a party of a meaningful opportunity to appear and answer, do not implicate due process concerns, and a judgment rendered under such circumstances is merely voidable, not void. *Rivera*, 379 S.W.3d at 274–75. Even assuming that the garnishment proceeding captured funds that are statutorily exempt from garnishment—Zuniga's SSI funds—the judgment would not be void, merely voidable. *Mapco*, 795 S.W.2d at 703 (stating judgment resulting from court acts contrary to rule, statute, or constitutional provision is merely "voidable" or "erroneous").

The justice court that rendered the 2007 Garnishment Judgment also rendered the 2001 agreed judgment in favor of appellees. As such, the justice

9

court had exclusive jurisdiction over the 2007 garnishment action. *See King & King*, 252 S.W. at 1022. Even assuming that Zuniga is correct and the Garnishment Judgment captured SSI funds that are exempt from garnishment, the judgment would only be erroneous or voidable; it does not deprive the court of jurisdiction over the subject-matter of the proceeding. Because the justice court that rendered the Garnishment Judgment had jurisdiction over both the parties and the subject-matter, and there is no indication that the court lacked jurisdiction to enter the judgment or the capacity to act as a court, we hold that the Garnishment Judgment is not void, but merely voidable, and as such, Zuniga may not collaterally attack the judgment. *See Rivera*, 379 S.W.3d at 275; *Mapco*, 795 S.W.2d at 703 (stating judgment is void only when it is apparent that court rendering judgment lacked jurisdiction over parties or subject matter, had no jurisdiction to enter judgment, or no capacity to act as court).

We overrule Zuniga's first issue.

## Declaratory Judgment[11]

Zuniga's second issue seeks this Court's declaration that Texas' post-judgment garnishment statute is unconstitutional.

---

[11] Appellees argued in their appellate brief that Zuniga's declaratory judgment claims were mooted by the death of Rosie Zuniga during the pendency of this appeal. The Court construed appellees' argument as a motion to dismiss the appeal for want of jurisdiction and denied the motion in a separate order.

10

When a litigant brings a declaratory judgment action challenging the constitutionality of a state statute, the statute requires that the Attorney General be served with a "copy of the proceedings" and that the Attorney General is entitled to be heard. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b) (West 2008); *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994). Section 37.006, however, does not require that the Attorney General be made a party to the suit. *Wichita Cnty. v. Robinson*, 276 S.W.2d 509, 511 (Tex. 1954); *cf. Motor Vehicle Bd. of the Texas Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 110–11 (Tex. 1999) (holding that, although Attorney General was not required to be party to suit challenging constitutionality of state statute and had declined to participate, Attorney General had not waived right to appeal negotiated pretrial settlement because Attorney General was bound by judgment and its interests were affected by judgment). The failure to notify the Attorney General of the pendency of a declaratory judgment action in which the constitutional validity of a statute, ordinance, or franchise is challenged, however, deprives the trial court of jurisdiction to proceed. *Scurlock Permian Corp. v. Brazos Cnty.*, 869 S.W.2d 478, 483 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (citing *Commerce Indep. Sch. Dist. v. Hampton*, 577 S.W.2d 740, 741 (Tex. Civ. App.—Eastland 1979, no writ) and *Commissioners Court of Harris Cnty. v. Peoples Nat'l Util. Co.*, 538 S.W.2d 228, 229 (Tex. Civ. App.—Houston [14th Dist.] 1976, writ ref'd

11

n.r.e.)). The record before us on appeal contains no indication that the Attorney General was notified of Zuniga's declaratory judgment action or given an opportunity to be heard in the case. As such, the record does not reflect that the trial court had jurisdiction over Zuniga's claim. *Scurlock Permian*, 869 S.W.2d at 483. Because the trial court did not have jurisdiction over the declaratory judgment claim, neither do we.

We overrule Zuniga's second issue.

### Attorney's Fees

Having overruled Zuniga's first and second issues, we are affirming the trial court's judgment, and need not reach Zuniga's third issue.

### Conclusion

We affirm the trial court's judgment.


Jim Sharp
Justice


Panel consists of Chief Justice Radack and Justices Sharp and Massengale.